Edward C. Han, Esq.
**LAW OFFICE OF EDWARD C. HAN**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055
Facsimile No. (671) 477-5445
E-Mail: edwardhan65@gmail.com

*Attorney for Defendant*
*Hansen Helicopters, Inc.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN WALKER a/k/a JON WALKER, **HANSEN HELICOPTERS, INC.**, KENNETH RUFUS CROWE, CHERRY ANNE ESPION, OSWALD ESPION, PHILIP TURNER KAPP, et al.<br><br>Defendants. | CIVIL CASE NO. 23-CV-00002<br><br>**ANSWER OF DEFENDANT HANSEN HELICOPTERS, INC. TO COMPLAINT FOR INJUNCTIVE RELIEF; JURY DEMAND** |

Through their undersigned counsel, defendant Hansen Helicopters, Inc. ("Hansen"); admits, denies, or state its lack of knowledge or information sufficient to form a belief about the truth of the allegations of the complaint in this action. To the extent not expressly admitted herein, Hansen denies each and every allegation, express or implied, contained in Plaintiff's complaint.[1]

---

[1] Hansen notes that the complaint begins with an unnumbered and unlabeled paragraph which includes numerous unsupported conclusions, as well as hyperbolic and unsupported references to (1) "multiple deaths and numerous serious bodily injuries;" and (2) a statement that defendants continue to conduct an undefined "enterprise" "despite the blood already on their hands." To the extent that any

(Footnote continues on following page.)

## RESPONSES TO ALLEGATIONS OF THE COMPLAINT

1. Hansen admits that the Plaintiff in this action is the United States of America. The remaining allegations of paragraph 1 of the complaint are denied.

2. Hansen admits the allegations set out in paragraph 2 of the complaint.

3. Hansen denies the allegations set out in paragraph 3 of the complaint.

4. Hansen denies the allegations set out in paragraph 4 of the complaint.

5. Hansen admits that on September 9, 2022, Walker was convicted of certain crimes. The remainder of the allegations of paragraph 5 are denied.

6. Hansen denies the allegations set out in paragraph 6 of the complaint.

7. Hansen admits that on September 9, 2022, Hansen was convicted of certain crimes. The remainder of the allegations of paragraph 7 are denied.

8. Hansen denies the allegations set out in paragraph 8 of the complaint.

9. Hansen denies the allegations set out in paragraph 9 of the complaint.

10. Hansen denies the allegations set out in paragraph 10 of the complaint.

11. Hansen denies the allegations set out in paragraph 11 of the complaint.

12. Hansen denies the allegations set out in paragraph 12 of the complaint.

13. To the extent paragraph 13 of the complaint is deemed to include any allegation, such allegation is denied.

14. Hansen denies the allegations set out in paragraph 14 of the complaint.

---

(Footnote continued from previous page)

portion of the dramatic introduction paragraph can be considered an allegation of the complaint, such allegations are denied.

15. Hansen admits that the NTSB conducts investigations of transportation incidents over which it has jurisdiction. The remaining allegations of paragraph 15 of the complaint are denied.

16. Hansen admits that the instant action has been brought under 18 U.S.C. § 38(c). The remaining allegations of paragraph 16 of the complaint are denied.

17. Hansen denies the allegations set out in paragraph 17 of the complaint.

18. Hansen denies the allegations set out in paragraph 18 of the complaint.

19. Hansen denies the allegations set out in paragraph 19 of the complaint and specifically denies that any of the entity defendants are "alter egos" of Walker.

20. Hansen denies the allegations set out in paragraph 20 of the complaint.

21. Hansen admits that the Aircraft Safety Act of 2000, 18 U.S.C. § 31 *et seq* describes unlawful acts and various remedies for violations subject to the Act.

22. Hansen admits that 18 U.S.C. § 38(a) describes the elements of fraud involving aircraft or space vehicle parts in interstate or foreign commerce.

23. Hansen admits that 18 U.S.C. § 38(b) describes criminal penalties for violations of § 38(a).

24. Hansen admits that § 38(c)(1) describes a civil remedy for violations of § 38(a).

25. Hansen admits that § 38(c)(2) authorizes courts to enter orders of the type described therein. The statute is silent on the incorporation of any other statutes or Rules, procedural or otherwise.

26. Hansen admits that § 38(c)(3) describes the circumstances under which a party is estopped upon a final judgment rendered in any criminal proceeding brought under § 38 from denying the essential elements of the criminal offense in a subsequent civil proceeding.

27. Hansen admits that on September 9, 2022, Hansen was found guilty of certain federal offenses by a jury.

28. Hansen admits that on September 9, 2022, Hansen was found guilty of certain federal offenses by a jury.

29. Hansen admits that the verdict referenced above resulted from a Second Superseding Indictment ("SSI").

30. Hansen admits that Counts eight through 13 of the SSI alleged violations of § 38.

31. Hansen admits that on September 9, 2022, Walker was found guilty of certain federal offenses by a jury.

32. Hansen admits that on September 9, 2022, Hansen was found guilty of certain federal crimes.

33. Hansen denies the allegations set out in paragraph 33 of the complaint.

34. Hansen denies the allegations set out in paragraph 34 of the complaint.

35. Hansen denies the allegations set out in paragraph 35 of the complaint.

36. Hansen denies the allegations set out in paragraph 36 of the complaint.

37. Hansen denies the allegations set out in paragraph 37 of the complaint.

38. Hansen denies the allegations set out in paragraph 38 of the complaint.

39. Hansen denies the allegations set out in paragraph 39 of the complaint to the extent said paragraph is anything more than a legal conclusion.

40. Hansen denies the allegations set out in paragraph 40 of the complaint.

41. Hansen denies the allegations set out in paragraph 41 of the complaint.

42. Hansen denies the allegations set out in paragraph 42 of the complaint.

43. Hansen denies the allegations set out in paragraph 43 of the complaint.

44. Hansen denies the allegations set out in paragraph 44 of the complaint.

45. Hansen denies the allegations set out in paragraph 45 of the complaint.

46. Hansen denies the allegations set out in paragraph 46 of the complaint.

47. Hansen admits the allegation of paragraph 47 of the complaint.

48. Hansen denies the allegations set out in paragraph 48 of the complaint.

49. Hansen denies the allegations set out in paragraph 49 of the complaint.

50. Hansen denies the allegations set out in paragraph 50 of the complaint.

51. Hansen admits that there is a declaration of Special Agent Khamvongsa attached to the complaint. Hansen lacks sufficient knowledge or information to admit or deny the contents of the declaration and, on that basis, denies all allegations contained therein.

52. Hansen denies the allegations set out in paragraph 52 of the complaint.

53. Hansen denies the allegations set out in paragraph 53 of the complaint.

54. Hansen denies the allegations set out in paragraph 54 of the complaint.

55. Hansen denies the allegations set out in paragraph 55 of the complaint.

56. Hansen denies the allegation set out in paragraph 56 of the complaint to the extent said paragraph is anything more than a legal conclusion.

57. Hansen denies the allegations set out in paragraph 57 of the complaint.

58. Hansen denies the allegations set out in paragraph 58 of the complaint.

59. Hansen denies the allegations set out in paragraph 59 of the complaint.

60. Hansen denies the allegations set out in paragraph 60 of the complaint.

61. Hansen denies the allegations set out in paragraph 61 of the complaint to the extent the paragraph is deemed to include allegations.

62. Hansen denies the allegations set out in paragraph 62 of the complaint.

US_ACTIVE-172349292-1
Error! Unknown document property name.

63. Hansen denies the allegations set out in paragraph 63 of the complaint to the extent the paragraph is deemed to include allegations.

64. Hansen denies the allegations set out in paragraph 64 of the complaint to the extent the paragraph is deemed to include allegations.

65. Hansen denies the allegations set out in paragraph 65 of the complaint to the extent the paragraph is deemed to include allegations.

66. Hansen denies the allegations set out in paragraph 66 of the complaint to the extent the paragraph is deemed to include allegations.

## DEFENSES

67. The complaint fails to state a claim upon which relief can be granted.

68. The plaintiff's claim is barred by the applicable statute of limitations.

69. The relief sought by the plaintiff, if granted, would violate the Fifth and Eighth Amendments to the United States Constitution.

WHEREFORE, Hansen respectfully request that the Court:

1. Enter judgment for Hansen;

2. Award Hansen reasonable costs and fees as permitted by law; and

3. Grant such other and further relief as the court deems just and proper.

## JURY DEMAND

Hansen demands a jury trial on all issues triable by a jury.

Respectfully submitted this 18th day of September, 2023.

By: /s/
**EDWARD C. HAN, ESQ.**
*Counsel for Defendant*
*Hansen Helicopters, Inc.*

Case 1:23-cv-00002  Document 174  Filed 09/18/23  Page 6 of 6
US_ACTIVE-179349-v1
Error! Unknown document property name.