SHAWN N. ANDERSON
United States Attorney
MIKEL W. SCHWAB
JESSICA F. WESSLING
Assistant U.S. Attorneys
MARIE L. MILLER
PAUL W. KAUFMAN
Special Assistant United States Attorneys
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215
*Attorneys for the United States of America*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 23-CV-00002 |
| Plaintiff, | |
| vs. | **MOTION FOR CONTEMPT SANCTIONS AND TO COMPEL** |
| JOHN D. WALKER a/k/a JON WALKER, ET AL., | |
| Defendants. | |

On June 23, 2023, this Court entered a consent restraining order against defendant Pacific Spotters Corp. ("PSC") ("consent restraints").[1] *See* Consensual TRO, ECF No. 125. As part of the consent restraints, this Court ordered Pacific Spotters to provide the United States several categories of information specifically identified in that order in two separate ways. First, the Court ordered PSC to produce to the United States the current registration documents for every helicopter that it owned, leased, rented, or operated, separately identifying them; and to produce the certificates of airworthiness and inspection for each such helicopter airframe. Second, the defendant agreed to respond to six categories of requests for the production of documents in

---

[1] As noted in the consent restraints, the United States contends Pacific.Spotters is not a separate legal entity from Pacific Spotters Corp. Defendant denies this allegation. Neither party waives its position, and the United States refers to the company simply and singly as PSC.

1

Exhibit B to the June 23, 2023 order. Consensual TRO at 11, ECF No. 125. The deadline for both productions was sixty days from the date of the consent injunction and order, or August 23, 2023.[2] *Id.* at ¶ 6(c).

Pacific Spotters has failed to produce those documents, and although at times it offered explanations for its delay, it never sought relief from the Court's order.

On or about September 14, 2023, the United States advised PSC that it was in contempt of court and that the United States required production of the documents PSC had committed to producing. At that time, PSC represented that it intended to make a rolling production and that the parties should confer at the end of the following week, i.e., on or about September 21-22, 2023. On September 21, 2023, PSC instead – and without discussion with the government – filed a motion to dismiss. No documents have been produced since approximately September 15, 2023.

As this Court held in *Guam Contractors Ass'n v. Barr*, No. CV 16-00075, 2019 WL 6720975, at *2 (D. Guam Dec. 11, 2019), "[c]ivil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply" (citing *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (itself quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).[3]

A contempt sanction is "considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses

---

[2] The Court entered a consent preliminary injunction on September 1, 2023 (ECF No. 164). That preliminary injunction provided one slight change in the temporary restraints not relevant to this motion and then provided that "[a]ll other terms of the consent immediate restraints shall remain in effect, unmodified, and all deadlines set there shall be maintained, unchanged by this consent injunction." Consensual Prelim. Inj. at ¶ 2, ECF No. 164.

[3] This Court identified the same legal standard in *J.C. v. Calvo*, No. CV 01-00041, 2018 WL 4561740, at *1 (D. Guam Sept. 21, 2018).

sustained.'" *Id., quoting Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (in turn quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id., citing Inst. of Cetacean Research*, 774 F.3d at 945 (quoting *Dual-Deck*, 774 F.3d at 695).

"For the issuance of an order to show cause, a 'plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move[s] the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance.'" *RTI Connectivity PTE. Ltd. v. Gateway Network Connections, LLC*, No. 1:22-CV-00025, 2023 WL 2713964, at *2 (D. Guam Mar. 30, 2023), *citing Nuscience Corp. v. Henkel*, No. CV 08-2661 GAF (FFMx), 2014 U.S. Dist. LEXIS 44978, at *6, 2014 WL 12810112 (C.D. Cal. Feb. 12, 2014) (quoting *In re Grand Jury Proceedings*, 142 F.3d 1416, 1424 (11th Cir. 1998)). In such a motion, "[t]he plaintiff should cite 'the provision[s] of the injunction he wishes to be enforced, allege[] that the defendant has not complied with such provision[s], and ask[] the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned.'" *Id., citing Nuscience*, 2014 U.S. Dist. LEXIS 44978, at *6 (again quoting *In re Grand Jury Proceedings*, 142 F.3d at 1424).

PSC has failed to fulfill its obligations under Paragraph 6 of the injunction, including independently failing to fulfill the specific obligations of Paragraphs 6(a)(i)-(iii), 6(b), and 6(c). With respect to the latter obligation, PSC has made no answer to any of the document requests in Exhibit B of the Court's injunction (to which ¶ 6(c) refers), and it has failed to produce the

3

documents identified in Exhibit B and required by ¶ 6(c) to be produced. Consensual TRO at 11, ECF No. 125.

At no time has PSC sought relief from the restraints to which it agreed or suggested that it is not obliged to make the production to which it agreed.  On the contrary, PSC has – through counsel – negotiated an immunity agreement for its production (as anticipated by Paragraph 6 of the temporary restraints) and had begun producing documents, while assuring the United States that additional document productions would be forthcoming on a rolling basis despite what were characterized as logistical challenges. To date, PSC has provided Philippine registration information for 19 helicopters, when it agreed and was ordered to produce this information for 123 helicopters. Accordingly, PSC has provided less than 20% of the Philippine registration information. As deficient as that is, PSC has provided *none* of the other information that it agreed to produce and that the Court ordered be produced by August 23, 2023, neither those categories directly ordered by the Court in Paragraph 6 nor those identified in Exhibit B to the Court's order and to which the Court ordered response by August 23, 2023, in Paragraph 6(c). *Ibid.*

It is now more than 90 days since PSC agreed to produce these documents, more than 90 days since PSC was ordered to produce these documents, and more than 30 days since the deadline for the production of those documents this Court set in its order.

On the basis of the foregoing representations, the United States respectfully requests that defendant PSC promptly be ordered to show cause why it should not be held in contempt and sanctioned for its non-compliance with the injunction to which it agreed in June.

The United States reserves the right to seek sanctions for contempt in a separate motion

//

//

for other violations of the June 23, 2023, injunction (Consensual TRO, ECF No. 125) or for violations of the injunction entered on September 1, 2023 (Consensual Prelim. Inj., ECF No. 164).

RESPECTFULLY SUBMITTED this 6th day of October, 2023.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: */s/ Jessica F. Wessling*
MIKEL W. SCHWAB
JESSICA F. WESSLING
Assistant United States Attorneys

*/s/ Marie L. Miller*
MARIE L. MILLER
Special Assistant U.S. Attorney

*/s/ Paul W. Kaufman*
PAUL W. KAUFMAN
Special Assistant U.S. Attorney

*Attorneys for Plaintiff United States of America*

5